**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
IN ADMIRALTY**

**IN RE:**
**MATTER OF COMPLAINT OF**                          Case No.  3:13cv66/MCR/CJK
**JASON M. WELLBORN, as Owner
of a 2007 32ss Sunsation M/V
bearing hull identification Number
SP335270B607, her engines, tackle,
appurtenances, etc., Petitioner, in a
Cause for Exoneration From or
Limitation of Liability.**
_____/

## ORDER

Plaintiff Jason M. Wellborn filed a complaint in admiralty seeking exoneration from and limitation of liability for damages arising out of his ownership of a 2007 32ss Sunsation M/V bearing hull identification Number SP335270B607, her engines, tackle, appurtenances, etc., regarding an incident in which occupants of the vessel were ejected during a boating excursion in and around Destin Harbor and Choctawhatchee Bay, at or near navigational Marker 16 North Channel, on August 11, 2012.  *See* 46 U.S.C. §§ 30501 - 30512; Fed. R. Civ. P. Admiralty, Maritime Claims, Supp. Rule F.  Plaintiff filed an Ad Interim Stipulation for the value of his interest in the vessel in an amount up to $35,000, which the court approved.  The court issued notice and enjoined the filing or prosecution of any suits against the plaintiff related to this incident (doc. 6).  Kendall B. Shelton, Individually, and as Personal Representative of the Estate of Thomas E. Shelton, ("Claimants") filed timely claims for personal injuries arising out of the incident (doc. 10).

Pending before the court is the Claimants' motion to stay the limitation action and to lift the injunction restraining actions against state court proceedings (doc. 14), and the Claimants' stipulations (doc. 15).  The motion is unopposed.

"Article III, § 2, of the United States Constitution vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction."  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001).  The Limitation of Liability Act, *see* 46 U.S.C. §§ 30501-30512,

provides a cause of action whereby a vessel owner facing liability for a maritime accident may file a petition in federal court seeking protection which, in certain cases, "limits the owner's liability to the value of his or her interest in the vessel and its pending freight." *Beiswenger Ent. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). The primary purpose of a limitation proceeding "'is to protect the shipowner's absolute right to claim the Limitation Act's liability cap, and to reserve the adjudication of that right in the federal forum.'" *In re La. Dock Co., LLC*, 157 F. Supp.2d 1267, 1272 (S.D. Ala. 2001) (quoting *In the Matter of Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)). However, the statute granting exclusive admiralty jurisdiction in the district court "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). Thus, although federal courts have exclusive jurisdiction in admiralty to determine whether limited liability is available to the vessel owner, the "saving to suitors" clause preserves "a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." *Beiswenger Ent. Corp.*, 86 F.3d at 1036-37. The savings to suitors clause is essentially "a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts." *Lewis*, 531 U.S. at 444. To give effect to both the Limitation Act, under which there is no right to a jury trial, and the savings to suitors clause, which preserves other remedies, the Eleventh Circuit has held that, upon appropriate stipulations, multiple claimants must be allowed to try their claim in a forum of their own choosing. *See Beiswenger Ent. Corp.,* 86 F.3d at 1043-44.

Having fully reviewed the matter, the court finds that the stipulations are adequate and that the motion stay and to lift the injunction is due to be granted.

Accordingly, the motion to lift the injunction against state court proceedings (doc. 14) is GRANTED and the stipulations (doc. 15) are approved. Therefore, the limitation of liability action is STAYED pending resolution of the Claimants' state court proceedings. Although the court retains jurisdiction, the Clerk is instructed to close the case for administrative purposes, and it will be reopened upon notice that the state court proceedings have been completed. The parties are directed to advise the court of the outcome of the state court proceedings within fourteen (14) days of the date that judgment

becomes final.

        **DONE AND ORDERED** this <u>21st</u> day of May, 2013.


<u>s/ *M. Casey Rodgers*</u>
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**